**FILED**
CLERK, U.S. DISTRICT COURT

4/7/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>RONALD SHANE FLYNN,<br>   aka "Ronnie Shane,"<br><br>          Defendant. | No. 8:21-cr-00053-JVS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28<br>U.S.C. § 2461(c): Criminal<br>Forfeiture] |

     The Grand Jury charges:

                    COUNTS ONE THROUGH FIFTEEN

                       [18 U.S.C. § 1343]

A.    INTRODUCTORY ALLEGATIONS

     1.    At times relevant to this Indictment, defendant RONALD
SHANE FLYNN, also known as "Ronnie Shane," was the founder and
operator of Vuuzle Media Corp., formerly known as Boink Live
Streaming, LLC and Boink Live Streaming, Corp. (collectively
"Vuuzle").  Vuuzle was purportedly a streaming media business
that claimed to have offices in New York, Las Vegas, the

1  Philippines, and United Arab Emirates, and other locations

2  throughout the world.

3      2.    Through Private Placement Memoranda ("PPM"), its web

4  site, emails, and telephone calls, defendant FLYNN, through

5  Vuuzle, solicited money from investors throughout the United

6  States, including investors in the Central District of

7  California, to purchase warrants and common stock of Vuuzle.

8  The price per share ranged from $1 to $5.   None of these

9  securities were registered with the Securities and Exchange

10 Commission.

11     3.    Although not named as an officer or director of

12 Vuuzle, defendant FLYNN operated Vuuzle from the Philippines,

13 Dubai, and elsewhere.   Despite being subject to a desist and

14 refrain orders prohibiting him from offering or selling any

15 security in the States of California and Ohio, defendant FLYNN,

16 using the alias of "Ronnie Shane," caused more than 100

17 investors to lose approximately $14 million through the fraud

18 scheme charged in this Indictment.

19 B.   THE SCHEME TO DEFRAUD

20     4.    Beginning in or around September 2016 and continuing

21 to the present, in Orange County, within the Central District of

22 California, and elsewhere, defendant FLYNN, knowingly and with

23 the intent to defraud, devised, participated in, and executed a

24 scheme to defraud and obtain money from investors by means of

25 materially false and fraudulent representations, and the

26 concealment of material facts in connection with an offering

27 fraud.

28

5.   In carrying out the scheme, defendant FLYNN engaged in the following fraudulent and deceptive acts, practices, and devices, among others:

a.   To raise investor funds, defendant FLYNN, through Vuuzle, falsely represented to investors that Vuuzle was a "pre-IPO" (initial public offering) investment opportunity that would provide high returns when Vuuzle went public.  Yet, based on Vuuzle's United States bank account and filed tax returns, Vuuzle never made a profit.  Moreover, defendant FLYNN did not intend to conduct an initial public offering for Vuuzle.  Because Vuuzle did not have audited financials, it could never make a public offering on any public stock exchange.

b.   To raise investor funds, defendant FLYNN promised investors that they would receive dividend payments from their investments in Vuuzle.  Since its inception in 2016, Vuuzle has never paid dividends to any investor.

c.   During communications with potential investors, defendant FLYNN purported to have only a peripheral relationship with Vuuzle in the PPM, on the Form D filings, and in calls to investors, yet defendant FLYNN exercised ultimate control over every part of Vuuzle's business, including its operations, online presence, communications with investors, and company finances.

d.   To raise investor funds, defendant FLYNN, through Vuuzle, told investors, among other things, that their money would be used to operate and build Vuuzle's online streaming business and to take the company public.  Yet, out of the $14 million raised in investor funds, defendant FLYNN took a large portion of investor money to support his lavish lifestyle,

3

1   including purchases at luxury resorts and jewelry merchants,

2   using an American Express credit card paid for by Vuuzle.

3          e.   To raise investor funds, defendant FLYNN, through

4   Vuuzle, hired a salesforce to solicit investors to purchase

5   Vuuzle stock.  Although Vuuzle's Form D listed that Vuuzle would

6   pay no commissions, defendant FLYNN paid commissions to his

7   salesforce and independent stock promoters.

8   C.   THE USE OF INTERSTATE WIRES

9        6.   On or about dates set forth below, within the Central

10  District of California, and elsewhere, for the purpose of

11  executing the above-described scheme to defraud, defendant FLYNN

12  caused the transmission, by means of wire communication in

13  interstate commerce, of the following:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| ONE | 2/17/2017 | $35,000 from investor R.H.'s Meridian Bank IRA in Chicago, Illinois to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| TWO | 6/6/2017 | $50,000 from investor D.B.'s Independent Banker's Bank account in Plano, Texas to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| THREE | 6/8/2017 | $5,000 from investor C.F.'s Huntington National Bank account in Grove City, Ohio to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| FOUR | 6/19/2017 | $10,000 from the Vuuzle Chase Bank account in New York to a lead broker's Bank of America account in Costa Mesa, California for the purchase lead lists |
| FIVE | 9/7/2017 | $2,000 from the Vuuzle Chase Bank account in New York to an independent stock promoter's Bank of America account in Alameda, California for commissions |

4

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| SIX | 12/20/2017 | Telephone call between defendant FLYNN, who was overseas, a purported investor (who was actually an undercover agent), and a lead broker, who both were in Orange County, California, during which time Flynn pitched Vuuzle stock |
| SEVEN | 1/4/2018 | Telephone call between defendant FLYNN, who was overseas and a lead broker in Costa Mesa, California discussing commission |
| EIGHT | 10/22/2018 | $1,500 from investor J.M.'s Farmers and Merchants Bank account in Stuttgart, Arkansas to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| NINE | 10/16/2018 | E-mail from Vuuzle's counsel in Irvine, California to investor E.T. in Sherman Oaks, California, defendant FLYNN, who was overseas, and Vuuzle's CEO in Arizona regarding a credit card charge for the purchase of Vuuzle stock |
| TEN | 3/15/2019 | $20,000 from the Vuuzle Chase Bank account in New York to an independent stock promoter's Wells Fargo Bank account in Los Angeles, California for commissions |
| ELEVEN | 5/9/2019 | $25,000 from investor E.T.'s U.S. Bank account in Woodland Hills, California to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| TWELVE | 5/24/2019 | $5,000 from investors M.T.'s and S.T.'s Bank of America account in Huntington Beach, California to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| THIRTEEN | 5/28/2019 | $10,000 from investor A.A.'s U.S. Bank account in Westminster, California to the Vuuzle Chase Bank account in New York for the purchase of Vuuzle stock |
| FOURTEEN | 10/30/2019 | $9,000 from the Vuuzle Chase Bank account in New York to investor M.C.'s Bank of America account in Solana Beach, California as a return of funds invested |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| FIFTEEN | 3/11/2020 | E-Mail to investor N.J. in Mountain View, California from J.P. at Vuuzle in the Philippines giving notice that a Vuuzle stock certificate was sent by FedEx to Victim N.J. |

1                      FORFEITURE ALLEGATION

2           [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of

5  America will seek forfeiture as part of any sentence, pursuant

6  to Title 18, United States Code, Section 981(a)(1)(C) and Title

7  28, United States Code, Section 2461(c), in the event of the

8  defendant's conviction of the offenses set forth in any of

9  Counts One through Fifteen of this Indictment.

10      2.    The defendant, if so convicted, shall forfeit to the

11 United States of America the following:

12          (a)  All right, title, and interest in any and all

13 property, real or personal, constituting, or derived from, any

14 proceeds traceable to any of the offenses; and

15          (b)  To the extent such property is not available for

16 forfeiture, a sum of money equal to the total value of the

17 property described in subparagraph (a).

18      Pursuant to Title 21, United States Code, Section 853(p),

19 as incorporated by Title 28, United States Code, Section

20 2461(c), the defendant, if so convicted, shall forfeit

21 substitute property, up to the value of the property described

22 in the preceding paragraph if, as the result of any act or

23 omission of the defendant, the property described in the

24 preceding paragraph or any portion thereof (a) cannot be located

25 upon the exercise of due diligence; (b) has been transferred,

26 sold to, or deposited with a third party; (c) has been placed

27 beyond the jurisdiction of the court; (d) has been substantially

28

1    diminished in value; or (e) has been commingled with other

2    property that cannot be divided without difficulty.

3

4                                    A TRUE BILL

5

6                                    _____/S/_____
                                     Foreperson

7

8

9    TRACY L. WILKISON
     Acting United States Attorney

10

11   Scott M. Garringer
     Deputy Chief, Criminal Division For:

12   BRANDON D. FOX
     Assistant United States Attorney

13   Chief, Criminal Division

14   BENJAMIN R. BARRON
     Assistant United States Attorney

15   Chief, Santa Ana Branch Office

16   JENNIFER L. WAIER
     Assistant United States Attorney

17   Deputy Chief, Santa Ana Branch Office

18

19

20

21

22

23

24

25

26

27

28

                                     8